**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:13-CR-92 |
| JESSI LANELL DORSETT (14), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 16, 2020, to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson. The Government was represented by Glenn Jackson.

Jessi Lanell Dorsett was sentenced on October 7, 2014, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. Jessi Lanell Dorsett was subsequently sentenced to 87 months imprisonment, followed by 3 years of supervised released subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On May 22, 2020, Jessi Lanell Dorsett completed her period of imprisonment and began service of the supervision term in

the Northern District of Texas. On January 24, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On August 20, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 543, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from any unlawful use of a controlled substance; and (4) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The Petition alleges that Defendant committed the following acts: (1), (2) On July 15, 2020, Ms. Dorsett was arrested in Chickasaw, Oklahoma for the offense of Distribute, Dispense, Transport, or Possession with Intent to Distribute CDS Methamphetamine Statute 63:2 -401A.1 (Misd), and Unlawful Possession of Paraphernalia Statue 63-2.450 (Misd) in the Western District of Oklahoma. The defendant has since appeared before the County Court at Law of Grady, Oklahoma and pled guilty to the alleged charges; and (3), (4) On June 17, 2020 Ms. Dorsett submitted to a drug test which tested positive for methamphetamine. The defendant admitted to consuming the illicit substance on numerous occasions throughout the past month.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 2 of the Petition. The Government dismissed the remaining allegations, specifically allegations 3 and 4 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons for a term of twenty-eight (28) days of imprisonment, with three (3) years of supervised release to follow. Upon release from imprisonment and at the outset of Defendant's term of supervised release, Defendant is to be placed on home detention for a period of 4 months and 2 days, to commence immediately.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of special conditions originally imposed by the Court, as well as the new condition of home detention: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your sources of income; (2) You must participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. You shall pay any cost associated with treatment and testing; (3) You are to be placed on home detention at the outset of your term of supervised release, to commence immediately upon release from confinement. During this time, you must remain at your place of residence except for employment and other activities approved in advance by the United States Probation Officer. You must maintain a telephone at your place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period. Your period of home detention will be monitored through voice verification technology. At the direction of the probation officer, you must wear an electronic monitoring device and follow

electronic monitoring procedures specified by the probation officer. You are to pay the cost associated with the electronic monitoring program.

**SIGNED this 23rd day of November, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE